IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LYNN SANSOUCIE | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-861-JJF |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| REPRODUCTIVE ASSOCIATES | : | |
| OF DELAWARE, P.A., | : | |
| | : | |
| Defendant. | | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Jeffrey K. Martin, Esquire (DE #2407)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680

Attorney for Plaintiff

Dated: March 28, 2005

...

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………… iii

NATURE AND STAGE OF THE PROCEEDING ………………………….. 1

SUMMARY OF ARGUMENT ……………………………………………….. 3

STATEMENT OF MATERIAL FACTS ……………………………………... 4

ARGUMENT …………………………………………………………………. 5

    I.     DEFENDANT HAS FAILED TO MEET ITS BURDEN THAT PLAINTIFF IS AN EXEMPT PROFESSIONAL EMPLOYEE, AND SUMMARY JUDGMENT IN DEFENDANT'S FAVOR IS INAPPROPRIATE……………………………….…..……………… 5

    II.    PLAINTIFF HAS ESTABLISHED THAT SHE WAS ENTITLED TO COMPENSATION AND WAS NOT PAID ACCORDINGLY, THEREFORE ALLOWING HER CLAIM FOR OVERTIME COMPENSATION UNDER THE DELAWARE WAGE PAYMENT AND COLLECTION ACT …………………………….. 7

CONCLUSION ……………………………………………………….…… 8

# TABLE OF AUTHORITIES

## CASES

Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S. Ct. 737,
15 L.Ed.2d 694 (1966) ............................................................................ 5

Reeves v. International Tel. & Tel. Corp., 357 F. Supp. 295, 302-03, 21 WH Cases
40 (W.D. La. 1973) ............................................................................. 5

## STATUTES & REGULATIONS

29 C.F.R. §541.3 ................................................................................. 5

Delaware Wage Payment and Collection Act, Title 19............................... 1, 7

Delaware Wage Payment and Collection Act, 19 Del. C. §1102 .................... 7

Delaware Wage Payment and Collection Act, 19 Del. C. §1103(b) ................ 7

Delaware Wage Payment and Collection Act, 19 Del. C. §1113(c).................. 7

Fair Labor Standards Act, 29 U.S.C. §207(a)(1) .................................... 5, 8

Fair Labor Standards Act, 29 U.S.C. §201 et seq. ..................................... 1

Fair Labor Standards Act, 29 U.S.C. §213(a)(1) ..................................... 1, 5


TAB 1 -    Affidavit of Lynn SanSoucie, dated March 14, 2005

## NATURE AND STAGE OF THE PROCEEDING

The Plaintiff in this action, Lynn SanSoucie ("SanSoucie") sued her previous employer Reproductive Associates of Delaware, P.A. ("Defendant") on July 13, 2004, alleging that Defendant failed to compensate her at a rate of one and one-half times her regular rate of pay during her employment for hours worked in excess of 40 per week. Specifically, SanSoucie brings this lawsuit pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. §541.3 et seq., and the Delaware Wage Payment and Collection Act, Chapter 11, Title 19 of the Delaware Code. Simply stated, SanSoucie's cause of action is that she worked, on average, three (3) to five (5) overtime hours per day, or fifteen (15) to twenty-five (25) overtime hours per week, if not more, in excess of 40 hours without any overtime compensation from Defendant whatsoever.

On February 14, 2004, SanSoucie and Defendant filed cross Motions for Summary Judgment.

SanSoucie seeks summary judgment on the grounds that she is not exempt from the FLSA's overtime compensation requirement and that Defendant has failed to meet its burden of proof.

Defendant seeks summary judgment on the grounds that SanSoucie is exempt from the FLSA's overtime compensation requirement because she was employed by Defendant in a bona fide professional capacity pursuant to 29 U.S.C. §213(a)(1). Defendant further contends that SanSoucie's claim under the Delaware Wage Payment and Collection Act is barred by the one year statute of limitations.

1

Because there are no material facts in dispute, SanSoucie is entitled to summary judgment as a matter of law. This is the Plaintiff's Reply Brief to Defendant Reproductive Associates of Delaware, P.A.'s Answering Brief in Support of Its Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

I. DEFENDANT HAS FAILED TO MEET ITS BURDEN THAT PLAINITFF IS AN EXEMPT PROFESSIONAL EMPLOYEE, AND SUMMARY JUDGMENT IN DEFENDANT'S FAVOR IS INAPPROPRIATE.

II. PLAINTIFF HAS ESTABLISHED THAT SHE WAS ENTITLED TO COMPENSATION AND WAS NOT PAID ACCORDINGLY, THEREFORE ALLOWING HER CLAIM FOR OVERTIME COMPENSATION UNDER THE DELAWARE WAGE PAYMENT AND COLLECTION ACT.

## **STATEMENT OF MATERIAL FACTS**

SanSoucie incorporates by reference the detailed statement of facts contained in her Opening Brief in support of her Motion for Summary Judgment filed on February 14, 2005 and her Answering Brief in opposition to Defendant's Motion for Summary Judgment filed on March 14, 2005.

## **ARGUMENT**

I. **DEFENDANT HAS FAILED TO MEET ITS BURDEN THAT PLAINITFF IS AN EXEMPT PROFESSIONAL EMPLOYEE, AND SUMMARY JUDGMENT IN DEFENDANT'S FAVOR IS INAPPROPRIATE.**

The FLSA requires employers to compensate employees at a rate of one and one-half times their regular rate of pay for any time worked in excess of forty (40) hours per week. 29 U.S.C. §207(a)(1). The FLSA does, however, provide exemptions for employees who are employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. §213(a)(1). Employers have the burden of proof to establish the exemption applies to their employees. Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S. Ct. 737, 15 L.Ed.2d 694 (1966). These exemptions must be applied on a case-by-case basis. See Reeves v. International Tel. & Tel. Corp., 357 F. Supp. 295, 302-03, 21 WH Cases 40 (W.D. La. 1973) (exempt status of employee depends on individual duties, not on how employee is classified). Simply because one employee is classified as an exempt employee does not automatically provide exempt status to all employees in that classification. An employee's job title alone is insufficient to determine exempt or non-exempt status.

In order to qualify for the learned professional exemption under the FLSA, Defendant must establish that: (1) the employee's primary duty consists of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education…; (2) the employee's work requires the consistent exercise of discretion and independent judgment in its performance; and (3) the employee's work is predominantly intellectual and varied in character. 29 C.F.R. §541.3.

SanSoucie admits that the work she performed with Defendant was predominately intellectual and varied in character, as opposed to routine mental, manual, mechanical or physical work. [SanSoucie's Open. Br., p. 9]. However, SanSoucie contends that she did not consistently exercise independent judgment and discretion during her employment with Defendant or that her primary duty consisted of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education. [SanSoucie's Ans. Br., p. 9-10]. SanSoucie provided an affidavit in support of her position. Further, it is not disputed that SanSoucie's testimony establishes that she was working in Defendant's IVF Lab. However, SanSoucie's affidavit establishes that her work required her to simply follow standard operating procedures that had been put in place by Defendant. She was monitored closely by Marc Portmann, the staff embryologist, and was unable to consistently exercise discretion and independent judgment as other embryologists do. The one thing that SanSoucie consistently was required to do was to obtain the approval or authority from her supervisor Marc Portmann to perform certain tasks in the IVF Lab.

Although SanSoucie admits that her work was predominantly intellectual and varied in character, Defendant has failed to satisfy its burden that SanSoucie's primary duty consists of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and that her work required the consistent exercise of discretion and independent judgment in its performance.

SanSoucie's affidavit supports her position that she was not performing the work of an embryologist, but rather the duties of a medical lab technician, which did not require an

6

advanced degree, who was unable to make any decisions or exercise independent judgment or discretion without the input and approval of her supervisor. During SanSoucie's employment she was not performing the tasks and duties of a full-fledged embryologist. Further, she did not have the requisite educational background to be an embryologist.

## II. PLAINTIFF HAS ESTABLISHED THAT SHE WAS ENTITLED TO COMPENSATION AND WAS NOT PAID ACCORDINGLY, THEREFORE ALLOWING HER CLAIM FOR OVERTIME COMPENSATION UNDER THE DELAWARE WAGE PAYMENT AND COLLECTION ACT.

Delaware's Wage Payment and Collection Act, specifically, 19 *Del.C.* §1102, requires the payment of all wages due on the regularly-scheduled payday designated in advance by the employer. Failure to appropriately compensate employees on the regularly-scheduled paydays entitles the aggrieved employee to liquidated damages in an amount equal to the unpaid wages/overtime and attorneys' fees, cost of prosecution and costs of the present action. 19 *Del.C.* §§ 1103(b) and 1113(c).

SanSoucie has established, based on the foregoing reasons, that she was an employee of Defendant, that she worked in excess of 40 hours per week with Defendant's knowledge, and that Defendant failed to compensate her at the appropriate rate of pay on her regularly-scheduled payday. Therefore, she has met her burden and is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court to deny Defendant's Motion for Summary Judgment and to grant the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(302) 777-4682 facsimile
jmartin@margolisedelstein.com

Dated: March 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LYNN SANSOUCIE, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-861(JJF) |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| REPRODUCTIVE ASSOCIATES OF DELAWARE, P.A., | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, do hereby certify that on March 28, 2005, I electronically filed *Plaintiff's Reply Brief in Support of Its Motion for Summary Judgment* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorney-of-record below:

David H. Williams
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(302) 777-4682 facsimile
jmartin@margolisedelstein.com