IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNN SANSOUCIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-0861-JJF |
| ) | |
| REPRODUCTIVE ASSOCIATES ) | JURY TRIAL DEMANDED |
| OF DELAWARE, P.A., ) | |
| ) | |
| Defendant. ) | |

## JOINT PRETRIAL ORDER

(1)  **A statement of the nature of the action, the pleadings in which the issues are raised, and whether counterclaims, cross-claims, etc. are involved.**

Plaintiff alleges claims under the Fair Labor Standards Act ("FLSA"), the applicable United States Department of Labor regulations, and the Delaware Wage Payment and Collection Act for the alleged failure to pay wages in the nature of unpaid overtime compensation. Plaintiff further alleges that she worked, on average, three (3) to five (5) overtime hours per day, fifteen (15) to twenty-five (25) overtime hours per week, if not more, in excess of forty (40) hours per week without any overtime compensation from Defendant. Plaintiff also alleges that Defendant knew she was not receiving the compensation to which she was entitled under the FLSA and Delaware law. In addition, Plaintiff alleges that Defendant's violations of the FLSA were committed willfully and recklessly. Finally, Plaintiff alleges that the practices of Defendant caused her to experience conscious pain and suffering and other emotional harm.

In defense of this action, Defendant contends Plaintiff is exempt from the FLSA's overtime compensation requirement because she was employed in a bona fide professional capacity pursuant to 29 C.F.R. § 213(a)(1). Defendant claims Plaintiff was employed in a

professional capacity because her primary duty consisted of the performance of work requiring knowledge of an advanced type in a field of science, her work required the consistent exercise of discretion and judgment in its performance, her work was predominantly intellectual and varied in character, and she was compensated on a salary basis at a rate of not less than $250 a week. According to Defendant, because Plaintiff was employed in a bona fide professional category, she has received all the wages she is due, and is not entitled to relief under the Delaware Wage Payment and Collection Act or the FLSA.

In addition, Defendant contends Plaintiff's claim under the Delaware Wage Payment and Collection Act is barred, in large part, by the one (1) year statute of limitations applicable to wage claims in Delaware. Plaintiff's claim under the FLSA is also barred, in large part, by the two (2) year statute of limitations. In all events, Defendant did not willfully or recklessly violate the FLSA, and the amount of overtime Plaintiff claims to have worked is exaggerated.

**(2)   The constitutional or statutory basis of federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.**

No dispute.

**(3)   A statement of the facts which are admitted and require no proof.**

1. Defendant is a professional association located in the State of Delaware.

2. Defendant provides medical care and fertility treatments for couples and individuals attempting pregnancy in a variety of infertility settings.

3. Defendant's business activities constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. Defendant employed and continues to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, Defendant

engaged and continues to engage in commerce by selling and/or providing goods or services to its patients/customers.

5. Defendant's business and enterprise has/had an annual gross volume of sales made or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

6. Plaintiff was employed by Defendant on a full-time basis from May 6, 2001 through February 4, 2004.

7. Plaintiff was employed by Defendant on a full-time basis within the three (3) years prior to the commencement of this action.

8. Plaintiff is an "employee" within the meaning of 19 *Del. C.* § 1101(a)(4) and Defendant is an employer within the meaning of 19 *Del. C.* § 1101(a)(3).

9. Plaintiff was not compensated at one and one half her rate of pay for hours she worked in excess of forty (40) hours a week.

10. Plaintiff had no authority to hire or fire employees.

11. Defendant was aware that Plaintiff occasionally worked in excess of forty (40) hours in a work week during the time period May 6, 2001 through February 4, 2004.

12. In her full-time position as Assistant Lab Manager and Embryologist, Plaintiff was paid on a salary basis.

13. Plaintiff was paid at the rate of at least $1,000 a week. Plaintiff received a starting annualized salary of $62,500 and was paid in pre-determined equal installments.

14. Plaintiff received a pay check from Defendant once a month.

15. During her full-time employment, Plaintiff received salary increases, and her compensation was never reduced because of variations in the quality or quantity of the work she

performed.

16. On those occasions when Plaintiff did not work forty (40) hours a week, due to vacation, attending medical appointments, or otherwise, Plaintiff's salary was not reduced.

17. The work Plaintiff performed for Defendant was predominantly intellectual and varied in character, as opposed to routine mental, manual, mechanical, or physical work.

18. When Plaintiff resigned from Defendant's practice, she secured a full-time position as an embryologist at another IVF Lab.

**(4) Statement of the issues of fact which any party contends remains to be litigated.**

**A.    By Plaintiff:**

1. What are the total number of overtime hours that Plaintiff worked during her employment with Defendant?

2. Whether Plaintiff had obtained or obtained a Bachelors degree during her employment with Defendant?

3. Whether the practices of Defendant caused Plaintiff to experience conscious pain and suffering and other emotional harm?

4. Whether Defendant showed reckless disregard for the fact that its pay policies and/or practices violated the FLSA?

5. Whether Defendant's violations of the FLSA were committed willfully?

**B.    By Defendant:**

1. Whether Plaintiff had prior experience in andrology and IVF retrievals when she sought employment with Defendant?

2. Whether Plaintiff's primary duty in her employment with Defendant consisted of work requiring the consistent exercise of discretion and judgment in its performance?

4

      3.      Whether Plaintiff's primary duty in her employment with Defendant required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of special intellectual instruction and study?

      4.      Whether Plaintiff was able to make adjustments to her work schedule?

      5.      Whether Plaintiff trained and/or recruited lab technicians to work at Defendant's practice?

      6.      Whether Plaintiff was monitored by her supervisors, and if so, when, and to what extent?

      7.      Whether Defendant provided Plaintiff with professional training, continuing education, and/or membership in professional societies?

      8.      Whether Plaintiff contributed to scientific works presented by Defendant?

      9.      Whether Plaintiff attended professional conferences during her employment with Defendant?

      10.     What amount of time did Plaintiff spend working in each of the Andrology, Endocrine, and IVF laboratories?

      11.     What work did Plaintiff perform in each of the Andrology, Endocrine, and IVF laboratories, and when?

      12.     To what extent did Plaintiff exercise independent judgment in each of the Andrology, Endocrine, and IVF laboratories?

      13.     Whether Plaintiff's work in each of the laboratories (i.e., Andrology, Endocrine, and IVF) required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of special intellectual instruction and study?

      14.     Whether Plaintiff ever raised or complained about the issue of overtime

compensation to her supervisors?

15. Whether Plaintiff worked more than forty (40) hours a week, when, and how often?

16. Whether Plaintiff represented to potential employers she was fully trained and qualified in assistive reproductive technology?

17. Whether Defendant willfully and/or recklessly violated the FLSA by not paying Plaintiff overtime compensation?

18. Whether Plaintiff is exempt from the FLSA's overtime compensation requirement because she was employed in a bona fide professional capacity?

19. Whether Plaintiff's claim for overtime compensation under the FLSA is barred, in whole or in part, by the two (2) year or three (3) year statute of limitations?

20. Whether Plaintiff's claim under the Delaware Wage Payment and Collection Act is barred, in whole or in part, by the one (1) statute of limitations?

21. Whether Defendant acted in good faith and had reasonable grounds to believe Defendant was not in violation of the FLSA?

22. Whether Defendant provided Plaintiff with fringe benefits, flexibility in her schedule, and career opportunities typically provided to employees working in a professional capacity?

**(5)  A statement of the issues of law which any party contends remains to be litigated, and a citation of authorities relief upon by each party.**

**A.   By Plaintiff:**

None, beyond the issues that have already been briefed.

**B.   By Defendant:**

None, beyond the issues that have already been briefed.

(6) A list of pre-marked exhibits, including designations of interrogatories and Answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to, the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.

A. **By Plaintiff:**

| No. | Date: | Description: | Bates # |
|---|---|---|---|
| 1 | 5/6/01 | Welcome Aboard Email Communication from Dr. Feinberg | P-1-2 |
| 2 | | Holiday Greeting Card from Marc Portmann | P-4-5 |
| 3 | 2/4/04 | Plaintiffs Resignation Letter | P-10 |
| 4 | | Plaintiffs EZ Pass Records | P-45-145 |
| 5 | | Employee Time Sheet(s) | D-16-31 |
| 6 | 1/16/04 | Employee Performance Appraisal Profile | D-121-129 |

Plaintiff reserves the right to enter any exhibit on Defendant's list in her case in chief or in rebuttal.

**Defendant's Objections to Plaintiff's Proposed Exhibits:**

Defendant objects to Plaintiff's proposed Exhibits 2 and 6 on the grounds of Hearsay and Relevance. Defendant also objects to Exhibit 5 on the grounds of Relevance. Defendant also reserves the right to enter any exhibits on Plaintiff's list not objected to, or admitted by the Court over Defendant's objection. Additional exhibits not listed above may be offered for rebuttal purposes with the approval of the Court.

**B.    By Defendant:**

| No. | Date: | Description: | Bates # |
|---|---|---|---|
| 1 |  | Letter to Portmann from Sansoucie | D-1 |
| 2 |  | Sansoucie Resume (2000) | D-2-4 |
| 3 | 1/98 | Certification - Clinical Lab Technician | D-5 |
| 4 |  | Certification – Medical Technologist | D-6 |
| 5 | 10/25/00 | Application for Employment | D-7-8 |
| 6 |  | Sansoucie Resume (2004) | D-9-11 |
| 7 |  | Sansoucie Resume (Internet -2004) | D-12-15 |
| 8 | 6/8/01 | E-mail Communication to Sansoucie from Dr. Feinberg | D-32 |
| 9 | 6/18/01 | Confidentiality Agreement | D-33 |
| 10 |  | Sansoucie Business Card | D-34 |
| 11 |  | Payroll Information | D-35-37 |
| 12 |  | Insurance Notice | D-41 |
| 13 |  | Job Description – Embryologist | D-46-49 |
| 14 |  | Job Description – Andrology & Endocrine Tech | D-50-53 |
| 15 |  | Job Description – Laboratory Manager & Director | D-54-57 |
| 16 |  | Employee Handbook (10/01) | D-58-81 |
| 17 |  | Patient Information and Consent Forms on In Vitro Fertilization Program | D-82-98 |
| 18 |  | IVF Fee Schedule 2004 | D-99 |

| | | | |
|---|---|---|---|
| 19 | 2/4/04 | Letter of Resignation | D-130 |
| 20 | | RAD Lab Calendar (Patient names redacted) | D-134-156 |
| 21 | | Time and Chaos Calendar (Patient names redacted) | D-157-183 |
| 22 | 2/04 | E-mail Communications | D-194 |
| 23 | | RAD Lab Training Protocol | D-200-218 |
| 24 | 10/23 | The Fate of Non Transferred Embryos After Day 3 Assisted Hatching | D-219 |
| 25 | | Electronic Embryo Evaluations Are 2 Heads Better Than 1? | D-220 |
| 26 | | Contribution of Blastocyst Cryopreservation to Cumulative IVF Success | D-221 |
| 27 | | American Society for Reproductive Medicine - October 2002 Program | D-222-224 |
| 28 | | American Society for Reproductive Medicine – October 2003 Program | D-225-228 |
| 30 | | American Society for Reproductive Medicine – October 2001 Program | D-229-232 |
| 31 | 2001 | CDC – Excerpts from Assisted Reproductive Technology Success Rates | D-233-235 |
| 32 | 2002 | CDC – Excerpts from Assisted Reproductive Technology Success Rates | D-236-238 |
| 33 | | Hours Worked Spreadsheet | D-239-252 |
| 34 | | Andrology / Endocrine Lab Log (Redacted patient names & social security Nos.) | D-253-320 |
| 35 | | IVF Lab Log (Redacted patient names & social security nos.) | D-321-335 |

| | | |
|---|---|---|
| 36 | Chart – Handwritten Estimate of Dates & Hours Worked | D-336-334 |
| 37 | Chart – Handwritten Estimate of Dates & Hours Worked | D-345-377 |
| 38 | Plaintiff's EZ Pass Records | P-45-145 |

Defendant reserves the right to enter any exhibit on Plaintiff's list.

**Plaintiff's Objections To Defendant's Proposed Exhibits:**

Plaintiff objects to numbers 10, 12, 24, 25, 26, 27, 28, 29, 30, 31, and 32 on the grounds of relevance. Plaintiff also objects to numbers 13, 14, 15, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 as hearsay.

Plaintiff reserves the right to enter any exhibits on Defendant's list not objected to, or admitted by the Court over Plaintiff's objection in her case in chief or in rebuttal. Additional exhibits not listed above may be offered for rebuttal purposes with the Court's permission. Plaintiff reserves the right to blow up for use as a demonstrative exhibit any exhibit (Plaintiff's or Defendant's) admitted by the Court into evidence.

(7) **The names and addresses of all witnesses a party intends to call to testify either in person or by deposition, at the trial, and the specialties of experts to be called as witnesses to testify.**

   **A. For Plaintiff:**

   1. Witness, Ms. Peg Brown, IVF Nurse Manager, Philadelphia, Pennsylvania, 215-649-0255, witness to Plaintiff's treatment from Mr. Marc Portman.

   2. Witness, Ms. Linda Morrison, Woodbury, New Jersey, 856-848-0245, witness to Plaintiff's treatment from Mr. Marc Portman.

   3. Witness, Ms. Janet Storch, Office Manager, Reproductive Associates of Delaware, who was a witness to the way Plaintiff was treated as well as her termination.

4. Witness, Ms. Tina Steele, former employee of Reproductive Associates of Delaware, 302-324-0245.

5. Witness, Ms. Annmarie Anjaimen (correct spelling unknown), current employee of Reproductive Associates of Delaware, 610-274-0233.

6. Witness, Ms. Helen Buchanan, Reproductive Associates of Delaware.

7. Witness, Mr. Marc Portman, Reproductive Associates of Delaware.

8. Witness, Ronald F. Feinberg, Reproductive Associates of Delaware.

9. Witness, Dr. McGuirk, Reproductive Associates of Delaware.

10. Plaintiff, Ms. Lynn SanSoucie, 59 Monticello Drive, Sicklerville, New Jersey 08081, who can be reached through her attorney.

Plaintiff reserves the right to call any witness listed on Defendant's list of witnesses.

**B.    For Defendant:**

1. Ron Feinberg, M.D., Ph.D.
   Clinic Director
   Reproductive Associates of Delaware, P.A.

2. Barbara McGuirk, M.D.
   Clinic Director
   Reproductive Associates of Delaware, P.A.

3. Michael Tucker, Ph.D.
   IVF Scientific Director
   Georgia Reproductive Specialists

4. Marc Portmann, M.T., M.H.A.
   Practice Administrator and Laboratory Manager
   Reproductive Associates of Delaware, P.A.

5. Linda Morrison, M.L.T.
   Reproductive Associates of Delaware, P.A.

6. Cai Wang, M.D.
   Laboratory Specialist
   Reproductive Associates of Delaware, P.A.

7. Janet Storch, C.P.C.

          Billing Manager and Office Manager
          Reproductive Associates of Delaware, P.A.

8.   Peggy Brown, M.S.N., C.R.N.P.
     IVF Nurse Practitioner
     Reproductive Associates of Delaware, P.A.

9.   Nancy Lorber, M.S.N., C.R.N.P.
     IVF Nurse Practitioner
     Reproductive Associates of Delaware, P.A.

10.   Patti Werdann, M.A.
      IVF Medical Assistant
      Reproductive Associates of Delaware, P.A.

11.   Tiffany Testa, M.A.
      IVF Medical Assistant
      Reproductive Associates of Delaware, P.A.

12.   Dawn Prinz, M.L.T.
      Former Medical Lab Technician
      Reproductive Associates of Delaware, P.A.

Defendant reserves the right to call witnesses listed by Plaintiff.

**(8) A brief statement of what Plaintiff intends to provide in support of Plaintiff's claim, including the details of the damages claimed, or of other relief sought, as of the date of the preparation of the draft Order.**

      Plaintiff expects to prove: (1) the existence of an employment relationship with the defendant; (2) evidence that the defendant is covered under the Act; (3) the defendant's actual knowledge of overtime worked or wage payments in violation of the Act; and (4) the performance of some work for which the employee was not properly compensated under the Act and the amount of such liability at least by a just and reasonable inference. Plaintiff will prove that she worked in excess of forty (40) hours per week and was entitled to overtime compensation for which Defendant willfully failed to pay her.

      Plaintiff will prove that, although her job title was Assistant Lab Manager/ Embryologist, her understanding of the full-time position was that she would assist Defendant in

the Lab and be trained in IVF not that she would be a full-fledged embryologist and as a result she was entitled to overtime compensation.

Plaintiff believes that the evidence will show that she is entitled to overtime compensation for which she was not paid.

**(9)    A brief statement of what the defendant intends to prove as a defense.**

Defendant expects to prove Plaintiff worked in the Andrology, Endocrine, and IVF laboratories delicately handling eggs, sperm, and human embryos under laboratory conditions. The work Plaintiff performed in each of the laboratories required her to consistently exercise judgment and discretion, including the sperm analysis she regularly performed for patients, the endocrine assays, sperm preparation, assessment for egg maturity and fertilization, embryo grading, embryo retrievals, and embryo freezing. All of Plaintiff's work in the Andrology, Endocrine, and IVF laboratories required her to make decisions on a daily basis having a direct impact on human embryos, and the health of future unborn children. In fact, the amount of care, discretion, precision, and intelligence Plaintiff had to exert toward patient embryos, eggs, and sperm specimens cannot be quantified. Plaintiff's work in the Andrology, Endocrine, and IVF laboratories also required her to possess knowledge of an advanced type acquired by a course of specialized study. The knowledge Plaintiff needed to perform her job could not be acquired in the traditional academic education, nor could it be taught as the performance of routine mental or manual tasks.

Attempts by Plaintiff to distinguish her role with Defendant in an effort to secure overtime compensation collide with the representations she made to prospective employers when she left Defendant's practice. When Plaintiff sought employment after working in Defendant's practice, she portrayed herself as a person fully trained and qualified to perform all aspects of in-

vitro fertilization.

Plaintiff's contention she worked an average of 15 to 35 overtime hours a week is an extreme exaggeration, and Defendant will produce specific evidence to show Plaintiff worked more than forty (40) hours a week only on an occasional basis.

In all events, Plaintiff sought to be considered a professional when she was hired by Defendant, and Defendant, in good faith, treated her as a professional. Defendant will show it did not willfully or recklessly violate the FLSA, and Plaintiff's claim is barred, in large part, by the applicable two (2) year of statute of limitations. Finally, Defendant will establish Plaintiff's claim under the Delaware Wage Payment and Collection Act is barred, in large part, by the one (1) year statute of limitations.

**(10)   Statements by counter-claimants or cross-claimants comparable to that required of Plaintiff.**

N/A

**(11)   Any amendments of the pleadings desired by any party with a statement of whether it is unopposed or objected to, and if objected to, the grounds therefore.**

N/A

**(12)   A certification that two-way communication has occurred between persons having authority and a good faith effort to explore the resolution of the controversy by settlement.**

As of this date, the parties have not participated in any good faith settlement negotiations.

**(13)   Any other matters which the parties deem appropriate.**

    **A.   Jury Verdict Form**

By separate pleading, the parties will submit a Proposed Jury Verdict Form.

    **B.   Voire Dire Questions**

By separate pleading, the parties will submit Proposed Voir Dire Questions.

C.  **Jury Instructions**

By separate pleading, the parties will submit Proposed Jury Instructions.

D.  **Summary Judgment Briefing**

Both parties have moved for summary judgment. Briefing has been completed.

(14) **Trial time estimates.**

Trial is scheduled to begin at a date to be determined during the Pre-Trial Conference on May 5, 2005. Estimated Number of Hours: The parties estimate trial will take 24 Hours.

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

| MARGOLIS EDELSTEIN | MORRIS, JAMES, HITCHENS & WILLIAMS LLP |
|---|---|
| *Keri L. Morris* | *Jennifer D. Brierley* |
| Jeffrey K. Martin, Esquire (ID#2407) | David H. Williams, Esquire (ID#616) |
| Keri L. Morris, Esquire (ID#4656) | Jennifer L. Brierley, Esquire (ID#4075) |
| 1509 Gilpin Avenue | 222 Delaware Avenue, 10th Floor |
| Wilmington, DE 19806 | Wilmington, DE 19801-1621 |
| (302) 777-4680 | (302) 888-6800 |
| Attorneys for Plaintiff | Attorneys for Defendant |

**IT IS SO ORDERED**, this ___ day of _____, 2005.

_____
**The Honorable Joseph J. Farnan, Jr.**