# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

LYNN SANSOUCIE,                :
                              :
            Plaintiff,        :        Civil Action No. 04-0861-JJF
                              :
    v.                        :
                              :
REPRODUCTIVE ASSOCIATES OF    :
DELAWARE, P.A.,               :
                              :
            Defendant.        :


## DEFENDANT'S PROPOSED JURY INSTRUCTIONS


David H. Williams, Esquire (ID#616)
Jennifer L. Brierley, Esquire (ID#4075)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801-1621
(302) 888-6800
dwilliams@morrisjames.com
jbrierley@morrisjames.com
Attorneys for Defendant

Dated:  May 3, 2005

## TABLE OF CONTENTS

**Page No.**

| | | |
|---|---|---|
| 1. | General Instructions | 4 |
| 1.1 | Introduction | 4 |
| 1.2 | Evidence Defined | 6 |
| 1.3 | Direct and Circumstantial Evidence | 7 |
| 1.4 | Consideration of Evidence | 8 |
| 1.5 | Statements of Counsel | 9 |
| 1.6 | Credibility of Witnesses | 10 |
| 1.7 | Number of Witnesses | 12 |
| 1.8 | Burden of Proof; Preponderance of the Evidence | 13 |
| 1.9 | Persons and Organizations Equal Before the Law | 14 |
| 2.0 | The Parties and Their Contentions | 15 |
| 2.1 | The Nature of the Claim and the Parties Contentions | 15 |
| 2.2 | Elements of the Plaintiff's Claim | 16 |
| 2.3 | The Professional Employee Exemption | 17 |
| 2.4 | Element One of the Professional Employee Exemption: Paid on Salary Basis | 18 |
| 2.5 | Element Two of the Professional Employee Exemption: Advanced Knowledge | 19 |
| 2.6 | Element Three of the Professional Employee Exemption: Discretion and Judgment | 20 |
| 2.7 | Element Four of the Professional Employee Exemption: Intellectual and Varied Worked | 21 |
| 2.8 | Verdict | 22 |
| 2.9 | Willful Violation | 23 |

3.0    <u>Damages</u>

4.0    <u>Deliberation and Verdict</u>                                    25

4.1    Deliberation and Verdict                                          25

## 1.0    GENERAL INSTRUCTIONS

### 1.1    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## 1.2    <u>EVIDENCE DEFINED</u>

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.3**    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

1.4     **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.

Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**1.5    STATEMENTS OF COUNSEL**

A further word about statements and arguments of counsel.  The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

**1.6**    **CREDIBILITY OF WITNESSES**

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness's testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## 1.7    NUMBER OF WITNESSES

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers, documents, or objects mentioned in the evidence of this case.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 1.8    BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Ms. Sansoucie has the burden of proving her claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

**1.9**    **PERSONS AND ORGANIZATIONS EQUAL BEFORE THE LAW**

   All persons and organizations are equal before the law.  In deciding this case, you must consider both Ms. Sansoucie and Reproductive Associates to be of equal standing in the community. A professional association such as Reproductive Associates is entitled to the same fair trial at your hands as private individuals.  All persons, including business entities, stand equal before the law and are to be dealt with as equals in a court of justice.  This means that you should not favor Ms. Sansoucie over Reproductive Associates simply because she is an individual and Reproductive Associates is a business entity.   Likewise, you should not favor Reproductive Associates over Ms. Sansoucie  simply because it is a business entity.   Rather, the status of Ms. Sansoucie and Reproductive Associates as individuals or business entities should not affect your decision in any way.

## 2.0    THE PARTIES AND THEIR CONTENTIONS

## 2.1    THE NATURE OF THE CLAIM

This case arises under the Fair Labor Standards Act ("the FLSA"). This federal law requires covered employers to pay overtime pay to certain employees at the rate of one and one-half times the regular rate for the time they worked in excess of 40 hours a week. The "regular rate of pay" is the hourly rate actually paid to the employee for the normal, non-overtime work week for which the employee is employed. The hourly rate of pay can be determined by dividing the employee's total work week compensation by the number of hours worked during the work week.

Not all employees are entitled to overtime pay. The FLSA contains exemptions under which certain groups of employees are exempt from receiving overtime pay. One exemption applies to employees who are paid on a salary basis at the rate of at least $250 a week, and who are employed in either a bona fide executive, administrative, or professional capacity.

As I instructed you at the outset of this matter, the plaintiff, Ms. Sansoucie, claims she is entitled to overtime pay for the hours she worked at Reproductive Associates in excess of 40 hours a week during her full-time employment.

Reproductive Associates denies Ms. Sansoucie's claim, and contends that no overtime pay is due to Ms. Sansoucie because she was employed in a bona fide professional capacity when she worked on a full-time basis.

**2.2    ELEMENTS OF THE PLAINTIFF'S CLAIM**

It is Ms. Sansoucie's initial burden to establish certain facts by a preponderance of the evidence.  First, Ms. Sansoucie must prove that she was an employee employed by an enterprise engaged in commerce or in the production of goods for commerce.   This fact is undisputed. Second, Ms. Sansoucie must prove that Reproductive Associates did not pay her any overtime pay when she worked more than 40 hours in a work week.   This fact is also undisputed.

**2.3**    **THE PROFESSIONAL EMPLOYEE EXEMPTION**

Reproductive Associates contends that Ms. Sansoucie was employed in a bona fide professional capacity during her full-time employment, and was exempt from receiving overtime compensation under the FLSA.    It is Reproductive Associates' burden to show by a preponderance of the evidence that Ms. Sansoucie was employed in a bona fide professional capacity.    You will now be asked to decide whether Ms. Sansoucie was employed in such a capacity when she worked at Reproductive Associates on a full-time basis from May 6, 2001 to February 4, 2004.

There are four (4) elements to the professional employee category.  Please listen carefully to what is required to satisfy each element.  If you find Reproductive Associates has met each element by a preponderance of the evidence, you must enter a verdict in favor of Reproductive Associates.

**2.4    ELEMENT ONE OF PROFESSIONAL EMPLOYEE EXEMPTION:
      PAID ON A SALARY BASIS**

To sustain the first element of the professional employee exemption, you must find  by a preponderance of the evidence that Ms. Sansoucie was paid by Reproductive Associates on a salary basis.  This means Ms. Sansoucie must have regularly received each pay period on a weekly, or less frequent basis, in a predetermined amount constituting all or part of her compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work she performed.

The first element of the exemption is not disputed by the parties.   In other words, the parties agree Ms. Sansoucie was paid on a salary basis.  The parties agree Ms. Sansoucie received an annualized salary and was paid once a month in predetermined equal amounts.   The parties agree Ms. Sansoucie's pay was never reduced because of the quality of her work, or the amount of hours she worked.   For example, when Ms. Sansoucie worked less than a 40 hour work week, due to appointments, vacation, or otherwise,  her pay was not reduced, and she continued to receive the same rate of pay.

**2.5    ELEMENT TWO OF PROFESSIONAL EMPLOYEE EXEMPTION:
       ADVANCED KNOWLEDGE**

To sustain the second element of the professional employee exemption, you must find by a preponderance of the evidence the primary duty of Ms. Sansoucie's work required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study. This means her primary work requires more knowledge than what is usually obtained from a general academic education or an apprenticeship, or from training in the performance of routine mental, manual, or physical processes. The law does not require Ms. Sansoucie to have a college degree or a bachelor's degree. The second element is disputed by the parties.

**2.6     ELEMENT THREE OF PROFESSIONAL EMPLOYEE EXEMPTION: DISCRETION AND JUDGMENT**

To sustain the third element of the professional employee exemption, you must find by a preponderance of the evidence the primary duty of Ms. Sansoucie's work requires the consistent exercise of discretion and judgment in its performance. The third element is disputed by the parties.

**2.7    ELEMENT FOUR OF PROFESSIONAL EMPLOYEE EXEMPTION:
INTELLECTUAL AND VARIED WORK**

Finally, to sustain the fourth element of the professional employee exemption, you must find by a preponderance of the evidence the primary duty of Ms. Sansoucie's work is predominantly intellectual and varied in character, versus routine mental, manual, mechanical, or physical work.    The fourth element is not in dispute.    Ms. Sansoucie and Reproductive Associates both agree Ms. Sansoucie's full-time work was intellectual and varied in character, and was not routine mental or manual work.

**2.8**        <u>**VERDICT**</u>

If, after considering all the evidence, you find that Ms. Sansoucie was employed by Reproductive Associates in a bona fide professional capacity and therefore exempt from the overtime requirements of the FLSA, then your verdict should be for Reproductive Associates.

**2.9**     **WILLFUL VIOLATION**

On the other hand, if you find Ms. Sansoucie was not employed in a professional capacity and Reproductive Associates violated the FLSA by not paying her overtime pay, you must decide whether or not Reproductive Associates "willfully" violated the law.  Not every violation of the FLSA is "willful" and the mere fact that you find that Reproductive Associates should have paid overtime to Ms. Sansoucie does not mean that Reproductive Associates' violation of the law was "willful."

In order to prove that Reproductive Associates committed a "willful" violation, Ms. Sansoucie must prove that Reproductive Associates knew that its failure to pay Ms. Sansoucie overtime violated the FLSA or that it acted with reckless disregard for whether its conduct violated the FLSA.

### 3.0    DAMAGES


**[Defendant to provide proposed instructions regarding damages]**

## DELIBERATION AND VERDICT

### 4.0    DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

**MORRIS, JAMES, HITCHENS
& WILLIAMS LLP**

*Jennifer J. Brierley*

David H. Williams, Esquire (ID#616)
Jennifer L. Brierley, Esquire (ID#4075)
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801-1621
(302) 888-6800
dwilliams@morrisjames.com
jbrierley@morrisjames.com
Attorneys for Defendant

Dated:  May 3, 2005

## CERTIFICATE OF SERVICE

I, Jennifer L. Brierley, hereby certify that on this 3rd day of May, 2005,   I caused

to be served a true and correct copy of Defendant's Proposed Jury Instructions by electronic

delivery and mail to:

> Jeffrey K. Martin
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE  19806


Attorney for Plaintiff Lynn Sansoucie


Jennifer L. Brierley